| | |
|---|---|
| ROGERS JOSEPH O'DONNELL<br>Neil H. O'Donnell (State Bar No. 57928)<br>*nodonnell@rjo.com*<br>Gayle M. Athanacio (State Bar No. 130068)<br>*gathanacio@rjo.com*<br>311 California Street<br>Katherine M. Svinarich (State Bar No. 287976)<br>*ksvinarich@rjo.com*<br>San Francisco, California 94104<br>Telephone:  415.956.2828<br>Facsimile:  415.956.6457<br><br>Attorneys for Defendant<br>ASHBRITT, INC.<br><br>NOSSAMAN, LLP<br>James H. Vorhis<br>*jvorhis@nossaman.com*<br>David C. Lee<br>*dlee@nossaman.com*<br>Jill N. Jaffee<br>*jjaffe@nossaman.com*<br>Alexander Westerfield<br>*awesterfield@nossaman.com*<br>50 California Street, 34th Floor<br>San Francisco, CA  94111<br>Telephone:  415.398.3600<br>Facsimile:  415.398.2438<br><br>Attorneys for Defendant, TETRA TECH, INC. | THE ARNS LAW FIRM<br>Robert S. Arns<br>Jonathan E. Davis<br>Kevin M. Osborne<br>Shounak S. Dharap<br>515 Folsom Street, 3rd Floor<br>San Francisco, CA  94150<br>Telephone:  415.594.7800<br>Telephone:  415.495.7888<br><br>Attorneys for Plaintiffs<br>CRAIG MASON, Individually, and on<br>Behalf of All Other Similarly Situated<br>Persons |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG MASON, PATRICIA HEALEY, and GARY GOODRICH, Individually and on Behalf of All Other Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHBRITT, INC.; TETRA TECH, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 19-CV-01062-DMR<br><br>**JOINT RESPONSE TO OCTOBER 15, 2019 ORDER FOR SUPPLEMENTAL BRIEFING RE FEDERAL JURISDICTION UNDER CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332)**<br><br>Date Action Filed:    February 26, 2019 |

## I. INTRODUCTION

Plaintiff Craig Mason, and Defendants AshBritt Inc. ("AshBritt") and Tetra Tech Inc. ("Tetra Tech," and with AshBritt, collectively "Defendants"), jointly submit this brief in response to this Court's October 15, 2019 Order for Supplemental Briefing on whether this case meets the requirements for federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 ("Section 1332").  As set forth below, while the parties disagree as to the merits of Plaintiff's claims, and the viability of this action proceeding as a class action, they agree that, based on the allegations of Plaintiff's complaint, CAFA provides a basis for federal jurisdiction.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. *Horne* Putative Class Action

On August 23, 2018, Napa County residents Charlotte Horne, Wilbert Horne, James Gehrke, Ruth Gehrke, Barbara Zoellner and Charles T. Walter, Jr. ("*Horne* Plaintiffs") filed a putative class action in the Napa County Superior Court of California against AshBritt and Tetra Tech stemming from AshBritt and Tetra Tech's debris removal and clean-up work performed under the auspices of the United States Army Corp of Engineers ("USACE") in the wake of the 2017 North Bay wildfires ("*Horne* Action", case no. 4:18-cv-7181).  *Horne* ECF No. 1.  The *Horne* Plaintiffs asserted one cause of action under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and four California state law claims all arising out of Defendants' alleged failure to properly perform debris removal and cleanup work.

Tetra Tech removed the *Horne* Action to this federal court.  Thereafter, the *Horne* Plaintiffs amended their complaint to dismiss AshBritt and add Environmental Chemical Corporation dba ECC Remediation Services, Inc. ("ECC") as a defendant. The amended *Horne* complaint asserted the same state law claims against ECC and Tetra Tech, but dropped the RICO claim.  The *Horne* Plaintiffs seek to represent all property owners for whom ECC and Tetra Tech

---

[1] Defendants' motions to dismiss Plaintiff's RICO claims and motions to strike class allegations in Plaintiff's operative Second Amended Complaint are currently under submission with the Court.

performed any USACE-directed debris removal or clean-up work.

**B.     *Mason* Putative Class Action:**

On February 19, 2019, Plaintiffs' counsel in *Horne* filed the present federal action against AshBritt and Tetra Tech on behalf of Sonoma County residents Craig Mason, Patricia Healey, and Gary Goodrich, asserting virtually the same state law claims as asserted in the *Horne* case, and adding two causes of action under RICO.  *See Mason* ECF No. 1.  The *Mason* Complaint was amended to drop Plaintiffs Healey and Goodrich, and jurisdiction was predicated on federal question (the RICO claims).  Tetra Tech is a defendant in both the *Mason* and *Horne* Actions. On March 12, 2019, this Court ordered the *Horne* and *Mason* cases "related" under Civil Local Rule 3-12.  *Horne* ECF No. 35 at 2.

**II.    ANALYSIS**

**A.     This Case Meets the Requirements For Federal Jurisdiction Under CAFA.**

"'No antiremoval presumption attends cases invoking CAFA'" and Congress intended it to be interpreted expansively. *Arias v. Residence Inn*, 936 F.3d 920, 922, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81 (2014)).

**1.     The Diversity and Amount-in-Controversy Requirements Are Met.**

Section 1332(d)(2) provides that district courts shall have original jurisdiction over class actions where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and where any member of the putative class is a citizen of a state different than any defendant.  The parties respectfully submit both of these requirements are met here.

As to the required minimal diversity, the parties agree that Plaintiff is a citizen of California: Mason is a California resident who owned real property in Sonoma County. ECF No. 1, ¶18.  Defendant AshBritt is correctly alleged to be a Florida corporation with its principal place of business in Deerfield Beach, Florida.  *Id.*, ¶ 11.  Thus, AshBritt is considered a citizen of Florida.  Consequently, minimal diversity jurisdiction under Section 1332(d)(2) exists.

Regarding the "matter in controversy" requirement, as the Ninth Circuit observed in *Arias*, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a

prospective assessment of defendant's liability . . . . [i]n that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." 936 F.3d at 927 (quotation omitted). Thus, while Defendants dispute the *Mason* Action is suitable for class treatment and that Plaintiff and the class he seeks to represent were damaged in any amount[2], for purposes of assessing jurisdiction, Plaintiff and Defendants agree that this case meets the statutory amount in controversy threshold.[3]

Specifically, Plaintiff seeks to represent every property owner for whom Defendants performed USACE-directed cleanup work after the October 2017 Northern California wildfires (ECF No. 1, ¶ 13), which Plaintiff alleges is "in the thousands". *Id.,* ¶ 15. Plaintiff alleges that, due to Defendants' alleged improper excavation and testing, the "cost to date of backfilling over-excavated land and removing additional debris is approximately ***$8,500 per property***. This does not include costs Plaintiffs have incurred in relation to inspecting or repairing septic tanks, replacing damaged or destroyed sidewalks or driveways, or testing soil for contamination and remediation." *Id.*, ¶ 49 (emphasis added). Consequently, Plaintiff's complaint establishes that the amount in controversy for jurisdictional purposes is at least $8,500,000, well in excess of CAFA's $5,000,000 threshold.

In sum, the parties agree that the minimum diversity and amount in controversy requirements under subsection 1332 (d)(2) are met in this case.

### 2. This Court Lacks Discretion to Decline Jurisdiction as Subsection (d)(3) Does Not Apply.

Under Section 1332(d)(3), a court may decline to exercise jurisdiction only where greater

---

[2] As the Court noted in *Arias*, Defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Arias,* 936 F.3d at 928

[3] While Defendants' motion to dismiss Plaintiff's RICO claims and motion to strike class allegations are currently under submission, the pendency of these motions is irrelevant to the Court's jurisdictional questions. "It is well settled that post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (quotation omitted); *see also Vawter v. United Parcel Serv., Inc.*, No. 18-cv-1318, 2018 WL 4677583, at *1 (C.D. Cal. Sept. 26, 2018) (denying motion to remand under CAFA after court struck class claims because the court had "continued jurisdiction" and "no discretion to remand absent a stipulation by the parties.")

than one-third but less than two-thirds of the members of the proposed class[4] and *all* of the "primary defendants" are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3); *see Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) ("the primary defendants" means *all* primary defendants).  Here, the parties agree that both AshBritt and Tetra Tech are "primary defendants".  However, AshBritt is considered a citizen of Florida.  Thus, subsection (d)(3)'s requirement that *all* the primary defendants be citizens of the state in which the action was originally filed, namely, California, is not met here.  Consequently, Section 1332(d)(3) is inapplicable. *See Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1087 (N.D. Cal. 2011) ("[Subdivision (d)(3)] does not apply because (1) more than two-thirds of the members of the proposed class are citizens of California and (2) one primary defendant is not a California resident.").

### 3. Subsection (d)(4), Which Would Require this Court to Decline Jurisdiction, Likewise Does Not Apply.

Subsection (d)(4) sets forth the "local controversy exception" to CAFA.  Only if *all* of its requirements are met does this exception apply. Because AshBritt is not a citizen of California, subsection (d)(4)(B) is not met, as it requires all "primary defendants" to be citizens of California, the state in which the action was originally filed.  *See Singh*, 925 F.3d at 1068.

Subsection (d)(4)(A) is likewise inapplicable because in order to apply, it must be shown that in the three years prior to filing this putative class action, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 USC § 1332(d)(4)(A)(ii).  Here, a putative class action, the *Horne* Action, was filed against AshBritt and Tetra Tech in the Napa Superior Court in August 2018, roughly six months before the present *Mason* Action was filed.  Tetra Tech is a defendant in both the *Mason* and *Horne* Actions, and the underlying factual allegations in *Horne* are virtually

---

[4] The "citizenship" of the putative class at the time of the filing of this action cannot be assessed with certainty. However, the parties agree that it is reasonable to presume that most property owners considered California to be their domicile, i.e., their permanent home, and that most still considered California their domicile in February 2019 when this suit was filed.

identical to those in the present *Mason* Action—Tetra Tech and the primary USACE contractor (ECC in *Horne*, and AshBritt in *Mason*) failed to properly clean up properties, thereby causing damage to the putative class' personal and real property. The filing of this prior class action demonstrates that subsection (d)(4)(A) has no application here.[5] 28 U.S.C. § 1332(d)(4)(A)(ii); *see also Wellons v. PNS Stores, Inc.*, No. 18-CV-2913 DMS (WVG), 2019 WL 2099922, at *4 (S.D. Cal. May 14, 2019) (plaintiffs failed requirement by filing, just "several hours before," a putative class action making similar allegations, and although the earlier-filed case did not name a common defendant, a defendant in the later-filed case subsequently intervened in the earlier-filed case).

## III.  CONCLUSION

For the reasons set forth above, the parties respectfully submit that this case meets the requirements for federal jurisdiction under Section 1332 and that no exception to this Court's jurisdiction under CAFA exists.

Dated: October 28, 2019

ROGERS JOSEPH O'DONNELL

BY   /S/ *GAYLE M. ATHANACIO*
Gayle M. Athanacio
Attorneys for Defendant
ASHBRITT, INC.

NOSSAMAN LLP

BY  */S/ JAMES H. VORHIS*
James H. Vorhis
Attorneys for Defendant
TETRA TECH, INC.

THE ARNS LAW FIRM

BY   /S/  *KEVIN M. OSBORNE*
Kevin M. Osborne
Attorneys for PLAINTIFF CRAIG MASON

---

[5] Notably, absent federal jurisdiction, Defendant Tetra Tech would have to defend itself in two state courts—one in Napa (*Horne*), and the other (*Mason*) in Sonoma Superior Court.