ROGERS JOSEPH O'DONNELL
Neil H. O'Donnell (State Bar No. 57928)
nodonnell@rjo.com
Gayle M. Athanacio (State Bar No. 130068)
gathanacio@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
ASHBRITT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG MASON, Individually and on Behalf of All Other Similarly Situated Persons,<br><br>Plaintiff,<br><br>vs.<br><br>ASHBRITT, INC; TETRA TECH, INC.; and DOES 1-100, inclusive.,<br><br>Defendants. | Case No. 4:19-cv-01062-DMR<br><br>[Case Assigned to Hon. Magistrate Donna M. Ryu, Courtroom 4, 3rd Fl., Oakland]<br><br>**ASHBRITT, INC.'S ANSWER TO PLAINTIFF CRAIG MASON'S FIFTH AMENDED COMPLAINT**<br><br>Date of first filing: February 26, 2019 |

Defendant ASHBRITT, INC. ("Defendant" or "AshBritt"), for itself and no other party, hereby responds to the Fifth Amended Complaint ("Complaint") of Plaintiff Craig Mason ("Plaintiff"). The responses set forth in each paragraph below correspond with the paragraph of the Fifth Amended Complaint bearing the same number:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 1 of the Complaint that "Plaintiffs" are property owners and residents of the areas in Northern California affected by the wildfires of October 2017, and on that basis denies this allegation. Defendant admits that Plaintiff and Paula Mason executed a Right-of-Entry Permit for Providing Debris Removal on Private Property ("Right-Of-Entry Permit") as the owners of property located at 3864 Crestview Drive, Santa Rosa, California, (the "Property"), and that under the terms of the United States Army Corp

of Engineers ("USACE") Contract with, and Task Orders issued to, AshBritt, Defendant, and other contractors performed authorized removal and clearing of wild-fire generated and other "debris" on the Property under the USACE's direction and supervision. Except as so admitted, Defendant denies each and every remaining allegation of paragraph 1 of the Complaint.

2. Defendant admits that pursuant to the USACE Contract, Task Orders, directives and supervision, Defendant performed certain cleanup and debris removal services on Plaintiff's Property. Except as so admitted, Defendant denies each and every allegation of paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff seeks the remedies stated in paragraph 3 of the Complaint by way of his allegations; however, Defendant denies that Plaintiff or the class he seeks to represent were harmed and/or are entitled to any relief, and further denies that this action may be maintained as a class action.

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 4 of the Complaint as AshBritt is entitled to, and does assert, derivative sovereign immunity in this action.

5. Paragraph 5 of the Complaint contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant admits that to the extent subject matter jurisdiction exists, which Defendant disputes and denies, the Court has exercised supplemental jurisdiction over the state law claims in this action.

6. Paragraph 6 of the Complaint contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant admits that to the extent subject matter jurisdiction exists, which Defendant disputes and denies, venue in the Northern District of California is proper.

///

Page 2
ASHBRITT, INC.'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT– Case No. 4:19-cv-01062-DMR
510611.3

**PARTIES**

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 7 of the Complaint regarding Plaintiff's residency and on that basis denies this allegation. Defendant admits that Plaintiff certified in the Right-Of-Entry Permit that he and Paula Mason were the owners of the Property. Defendant further admits that at the USACE's direction and supervision under the USACE Contract and Task Orders, and pursuant to the Right-Of-Entry Permit, Defendant and other contractors performed authorized removal and clearing of wildfire generated and other "debris" on the Property. Except as so admitted, Defendant denies each and every remaining allegation of paragraph 7 of the Complaint.

**Defendants**

8. Defendant admits that it is a Florida corporation, with its principal place of business located at 565 E Hillsboro Blvd., in Deerfield Beach, Florida. Defendant admits that it provides rapid-response disaster recovery and debris removal services. Defendant further admits that the USACE contracted with AshBritt, among other entities, to provide debris removal and cleanup on private properties affected by the Northern California wildfires of 2017, pursuant to the terms of task orders issued by the USACE, and Debris Removal Right-Of-Entry permits executed by property owners. Defendant further admits that pursuant to the USACE's Task Orders and directives and the Right-Of-Entry Permits executed by property owners, Defendant was authorized to, among other things, demolish structures and objects damaged by fire, excavate contaminated soil, clear land, and remove and haul debris. Defendant denies all remaining allegations of paragraph 8 of the Complaint.

9. Defendant admits that it entered into a subcontract with Defendant Tetra Tech, Inc. ("Tetra Tech") to perform work pursuant to the USACE's Contract with, and Task Orders issued to, AshBritt, including monitoring, testing, and preparation of reports in connection with the USACE's debris removal program following the Northern California wildfires of 2017. Defendant is without sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in paragraph 9 of the Complaint, and on that basis denies these allegations.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies the allegations of paragraph 10 of the Complaint.

## CLASS ACTION ALLEGATIONS

11. Defendant admits that Plaintiff purports to bring this matter as a class action but otherwise denies each and every allegation of Paragraph 11 of the Complaint and, specifically, denies that Plaintiff is entitled to maintain this action as a class action or individually, and denies that ascertainability of the class exists.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint, including all subparagraphs thereof.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint, including all subparagraphs thereof.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

### Factual Allegations

### 2017 North Bay Wildfire and Preparations for Debris Removal

18. Defendant admits that in October 2017, a series of wildfires ignited and spread across Northern California, causing extensive damage in multiple counties, causing many fatalities and injuries, destroying hundreds of thousands of acres of land, and destroying thousands of homes.

19. Defendant admits the allegations of paragraph 19 of the Complaint.

20. Defendant admits the allegations of paragraph 20 of the Complaint.

///

21. Defendant admits that in or around October 2017 and thereafter, the USACE issued AshBritt non-exclusive Task Orders to provide debris removal at specific, authorized, private properties as directed by the USACE due to the effects of the Northern California Wildfires of 2017.

22. Defendant admits that Plaintiff has excerpted certain portions of the USACE Task Order, and/or underlying contract, issued in or around November 2017 and further admits that the full Task Order, and underlying USACE Contract, sets forth AshBritt's assigned duties and tasks, which varied depending upon the USACE's site-specific directives and site conditions.

23. Defendant admits that it entered into a subcontract with Tetra Tech in or around November 2017 which provided that Tetra Tech would, among other things, perform collection and testing of soil on certain properties which were assigned to AshBritt for cleanup by the USACE.

24. Defendant admits that the USACE issued additional Task Orders to AshBritt to perform specified debris removal work on authorized private properties. Except as so admitted, Defendant denies the remaining allegations of paragraph 24 of the Complaint.

### Excessive Excavation & Removal

25. Defendant admits that paragraph 22 of the Complaint describes some, but not all, of the USACE mandated directives for debris removal and soil testing. AshBritt's contract with the USACE, and the resulting Task Orders issued for the clean-up, speak for themselves and are the best evidence of the specific directives thereof. Except as so admitted, Defendant denies the remaining allegations of paragraph 25 of the Complaint.

26. Defendant denies each and every allegation of paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint as they relate to an unnamed property and property owner, and on that basis denies the allegations. Defendant also denies any and all allegations of overexcavation.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint as they relate to an unnamed property and property owner, and on that basis denies the allegations. Defendant also denies any and all allegations of overexcavation.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint as they relate to an unnamed property and property owner and, on that basis denies the allegations. , Defendant also denies any and all allegations of overexcavation.

30. Defendant admits that on or around August 22, 2018, the Director of the California Governor's Office of Emergency Services ("Cal OES") sent a letter to the USACE, portions of which are excerpted in the Complaint. Defendant denies the remaining allegations of paragraph 30 of the Complaint, including any inference or suggestion that the content of the Cal OES letter is accurate as to the Plaintiff or any alleged class member's property.

31. Defendant denies each and every allegation of paragraph 31 of the Complaint.

32. Defendant admits that, at a minimum, one or more AshBritt project managers, Tetra Tech representatives, and USACE quality assurance representatives were present at each location on a daily basis during debris removal operations. Defendant denies the remaining allegations of paragraph 32 of the Complaint.

33. Defendant denies each and every allegation of paragraph 33 of the Complaint.

34. Defendant denies each and every allegation of paragraph 34 of the Complaint.

35. Defendant denies each and every allegation of paragraph 35 of the Complaint.

36. Defendant denies each and every allegation of paragraph 36 of the Complaint.

37. Defendant denies each and every allegation of paragraph 37 of the Complaint.

38. Defendant denies each and every allegation of paragraph 38 of the Complaint.

### Harm to Plaintiffs

39. Defendant denies each and every allegation of paragraph 39 of the Complaint.

40. Defendant denies each and every allegation of paragraph 40 of the Complaint.

## California State Law Claims

41. Paragraph 41 contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant denies each and every allegation of paragraph 41 of the Complaint.

42. Paragraph 42 contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant denies each and every allegation of paragraph 42 of the Complaint.

## FIRST CAUSE OF ACTION

## UNLAWFUL AND UNFAIR BUSINESS PRACTICES

## (Bus. & Prof. Code §§ 17200, *et seq*.)

43. Defendant reasserts its responses to paragraphs 1 through 42 above as though fully set forth herein.

44. Paragraph 44 of the Complaint contains legal conclusions requiring no response from Defendant. To the extent a response is required, Defendant denies each and every allegation of Paragraph 44 of the Complaint and specifically denies that it engaged in unlawful and unfair business acts and practices.

45. Defendant denies each and every allegation of paragraph 45 of the Complaint, including all subparagraphs thereof.

46. Defendant denies each and every allegation of paragraph 46 of the Complaint.

47. Defendant denies each and every allegation of paragraph 47 of the Complaint.

48. Defendant denies each and every allegation of paragraph 48 of the Complaint.

49. Defendant denies each and every allegation of paragraph 49 of the Complaint.

50. Defendant denies each and every allegation of paragraph 50 of the Complaint.

51. Defendant denies each and every allegation of paragraph 51 of the Complaint.

///

///

## SECOND CAUSE OF ACTION

## TRESPASS

52. Defendant reasserts its responses to paragraphs 1 through 51 above as though fully set forth herein.

53. Defendant admits that Plaintiff certified in a Right-Of-Entry Permit that he and Paula Mason are the owners of the Property. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint and on that basis denies these allegations.

54. Defendant admits that Plaintiff executed a Right-Of-Entry Permit which authorized AshBritt, as the USACE's designated contractor, to perform debris removal and cleanup as directed by the USACE. Defendant denies the remaining allegations of paragraph 54 of the Complaint.

55. Defendant denies each and every allegation of paragraph 55 of the Complaint.

56. Defendant denies each and every allegation of paragraph 56 of the Complaint.

57. Defendant denies each and every allegation of paragraph 57 of the Complaint.

58. Defendant denies each and every allegation of paragraph 58 of the Complaint.

## THIRD CAUSE OF ACTION

## CONVERSION

59. Defendant reasserts its responses to paragraphs 1 through 58 above as though fully set forth herein.

60. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and on that basis denies the allegations.

61. Defendant denies each and every allegation of paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff executed a Right-Of-Entry Permit which authorized Defendant's entry onto, and work upon, Plaintiff's Property under the auspices of the USACE. Defendant denies the remaining allegations of paragraph 62 of the Complaint.

63. Defendant denies each and every allegation of paragraph 63 of the Complaint.

64. Defendant denies each and every allegation of paragraph 64 of the Complaint.

65. Defendant denies each and every allegation of paragraph 65 of the Complaint.

66. Defendant denies each and every allegation of paragraph 66 of the Complaint.

67. Defendant admits that Plaintiff purports to seek the relief set forth in Paragraph 67 of the Complaint. Defendant denies the remaining allegations of Paragraph 67 of the Complaint, including that Plaintiff and any person or entity he seeks to represent are entitled to any relief.

## FOURTH CAUSE OF ACTION

## TRESPASS TO CHATTELS

68. Defendant reasserts its responses to paragraphs 1 through 67 above as though fully set forth herein.

69. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and on that basis denies the allegations.

70. Defendant denies each and every allegation of paragraph 70 of the Complaint.

71. Defendant admits that Plaintiff executed a Right-Of-Entry Permit which authorized Defendant's entry onto, and work upon, Plaintiff's Property under the auspices of the USACE. Defendant denies each and every remaining allegation of paragraph 71 of the Complaint.

72. Defendant denies each and every allegation of paragraph 72 of the Complaint.

73. Defendant denies each and every allegation of paragraph 73 of the Complaint.

74. Defendant denies each and every allegation of paragraph 74 of the Complaint.

75. Defendant denies each and every allegation of paragraph 75 of the Complaint.

76. Defendant admits that Plaintiff purports to seek the relief set forth in Paragraph 76 of the Complaint. Defendant denies the remaining allegations of Paragraph 76 of the

///

510611.3

Complaint, including that Plaintiff and any other person or entity he seeks to represent is entitled to any relief.

## PRAYER FOR RELIEF

Defendant denies each and every allegation set forth in the Prayer for Relief in the Complaint, and specifically denies that Plaintiff or any other person or entity he seeks to represent is entitled to the relief requested or any relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to Plaintiff's Complaint and each cause of action therein. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

1. Defendant has immunity from each and every claim asserted in this action due to the nature of work performed, the authorizations from Plaintiff and the Contract with, and express directives from, the USACE.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each and every purported cause of action contained therein, fails to state facts upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff consented to and/or authorized all conduct of and/or omissions by Defendant about which Plaintiff complains.

## FOURTH AFFIRMATIVE DEFENSE

4. The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint, and each and every purported cause of action contained therein, is barred by the doctrine of estoppel.

///

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, as a result of his unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint, and each and every purported cause of action contained therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, pursuant to AshBritt's derivative sovereign immunity.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, because the USACE, with authority validly conferred to it, authorized Defendant's actions.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, because Defendant's actions about which Plaintiff complains were pursuant to the directives of the USACE.

## TWELFTH AFFIRMATIVE DEFENSE

12. Any loss, injury, or damage incurred by Plaintiff, the fact and extent of which Defendant specifically denies, was proximately caused by the negligent or willful acts or omissions of parties which Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

13. To the extent that Plaintiff has suffered any damages, the fact and extent of which Defendant specifically denies, Plaintiff has failed to mitigate, minimize, or avoid any damages he has allegedly sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims for equitable relief are barred to the extent that Plaintiff has an adequate remedy at law for the alleged injuries he claims he has suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint, to the extent that it seeks relief on behalf of persons who are not parties to this action, violates Defendant's rights to substantive and procedural due process and equal protection under the laws as provided by the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 7 and Article IV, Section 16 of the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. With respect to each and every allegation of the Complaint as they relate to Plaintiff's request for certification of a class, class certification is not appropriate because there is a lack of numerosity, commonality, or community of interest, typicality, an ascertainable class, adequate representation, appropriateness of relief to the putative class as a whole, predominance of common questions over questions affecting individual class members, substantial benefits to the litigants and the court, and superiority of class action to other available methods for fair and efficient adjudication.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. This action should be dismissed or stayed pending resolution of lawsuits pending in other courts.

///

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, by the doctrine of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to join parties that should be joined under Federal Rule of Civil Procedure 19.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's alleged injuries and damages, if any, were caused by the acts of a third party or parties who have not been named a party to this action and over whom Defendant had no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, by his settlement, compromise and/or release.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendant asserts all rights and entitlement to any and all offsets for any past or future grants or payment made by any individual, entity, insurer, party, or governmental agency, which are permitted under any law, policy provision, or otherwise.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims are not properly cognizable as claims on behalf of a class and to the extent that Plaintiff has a valid claim, which Defendant denies, it is only on his individual behalf and not on behalf of a class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, because Defendant undertook the actions and/or omissions about which Plaintiff complains with proper justification, and did so in a reasonable and appropriate manner, in good faith, for a fair, honest and lawful reason, and in compliance with legal requirements.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff is barred from maintaining the Complaint, and each and every purported cause of action contained therein, as a result of the failure to exhaust administrative, statutory, and/or contractual remedies.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff's loss or damages, if any, were caused solely by the negligent, reckless, or intentional conduct of persons or entities other than Defendant, and for whom Defendant cannot be held vicariously liable or legally responsible, and whose conduct was not known to, or ratified by, Defendant. Accordingly, Plaintiff's loss or damages, if any, are barred or diminished to the extent they are attributable to such conduct.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. To the extent Plaintiff has incurred, suffered, or sustained any damage, which Defendant denies, any act, conduct, or omission, if any, on the part of Defendant was neither a substantial factor in bringing about, nor a contributing cause of, such damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Any damages suffered by Plaintiff, the fact and extent of which are expressly denied, were proximately caused by intervening, superseding, and/or supervening acts for which Defendant has no liability.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff knowingly and voluntarily assumed the risk of the conduct, events and matters alleged in the Complaint and accordingly is not entitled to recover from Defendant any damages or losses he allegedly suffered, the fact and extent of which Defendant denies.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff's Complaint, and each purported cause of action alleged therein, is preempted by federal law.

///

///

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiff lacks standing to bring or maintain this action, or to assert some or all of the claims alleged.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. The interests of certain putative members of the purported class are in conflict with the interests of other putative members of the alleged class which Plaintiff purports to represent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. To the extent that the class is certified in this purported class action, which Defendant maintains would not be appropriate, the claims of individual class members may be barred for reasons that are not apparent from the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendant reserves its right to amend its Answer to the Complaint to assert such additional defenses as may become apparent. Plaintiff's Complaint and each purported cause of action alleged therein, is pled in conclusory allegations and therefore, Defendant cannot not fully anticipate all defenses and hereby reserves the right to assert additional defenses as applicable.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Court dismiss with prejudice the Complaint and each purported cause of action alleged therein;
3. That judgment be entered against Plaintiff and/or the putative class in favor of Defendant;

///

///

///

///

5. That the Court award Defendant the costs of suit, and attorneys' fees, as provided by law; and

6. That the Court grant such further relief as may be appropriate.

Dated: April 17, 2020           ROGERS JOSEPH O'DONNELL

By: /s/ *Gayle M. Athanacio*
GAYLE M. ATHANACIO
Attorneys for Defendant
ASHBRITT, INC.