NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
JILL N. JAFFE (SBN 286625)
jjaffe@nossaman.com
ALEXANDER WESTERFIELD (SBN 295676)
awesterfield@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

Attorneys for Defendant TETRA TECH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG MASON, PATRICIA HEALEY, and GARY GOODRICH, Individually and on Behalf of All Other Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHBRITT, INC.; TETRA TECH, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 4:19-cv-01062-DMR<br><br>**DEFENDANT TETRA TECH, INC.'S ANSWER TO FIFTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Date Action Filed: February 26, 2019 |

Defendant Tetra Tech, Inc. ("Tetra Tech"), by and through its undersigned counsel, hereby responds to the Fourth Amended Complaint ("4AC") of Plaintiff and the Putative Class as follows:

1. In response to Paragraph 1, Tetra Tech lacks sufficient knowledge or information to admit or deny whether Plaintiff or the putative class are property owners and residents of Northern California affected by the wildfires of October 2017, and on that basis denies the allegation. Tetra Tech denies the remaining allegations in Paragraph 1 as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny those allegations as to any other Defendant and denies them on that basis.

2. In response to Paragraph 2, Tetra Tech denies all allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

3. In response to Paragraph 3, Tetra Tech notes that Paragraph 4 is simply a summary of relief sought by Plaintiffs, not an allegation, and that no response is required.

**JURISDICTION AND VENUE**

4. In response to Paragraph 4, Tetra Tech submits that the allegations contained in paragraph 5 consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response.

5. In response to Paragraph 5, Tetra Tech submits that the allegations contained in paragraph 6 consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response.

6. In response to Paragraph 6, Tetra Tech admits that it performs business in California and is a resident of the state of California. Tetra Tech denies the remaining allegations of Paragraph 6, or that any acts or omissions of Tetra Tech give rise to any of the claims.

**PARTIES**

7. In response to Paragraph 7, Tetra Tech lacks sufficient knowledge or information to admit or deny whether Plaintiff is a California resident and real property owner and on that

basis denies the allegation. Tetra Tech denies the remaining allegations in Paragraph 7 as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny those allegations as to any other Defendant and denies them on that basis.

8. In response to Paragraph 8, Tetra Tech admits that AshBritt is a Florida corporation with a principal place of business located at 565 E. Hillsboro Drive, in Deerfield Beach, Florida. As to all other allegations in Paragraph 8, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations therein and on that basis denies them.

9. In response to Paragraph 9, Tetra Tech admits that it is a California corporation with a principal place of business located at 3475 E. Foothill Boulevard in Pasadena, California, and that it performs work in California. Tetra Tech also admits that it is in the business of consulting, engineering, program management, and construction management. Tetra Tech also admits that it entered into a contract with AshBritt. The terms of that contract speak for itself. As to all other allegations in Paragraph 9, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations therein and on that basis denies them.

10. In response to Paragraph 10, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations therein and on that basis denies them.

**CLASS ACTION ALLEGATIONS**

11. In response to Paragraph 11, Tetra Tech notes that this paragraph simply defines the putative class, contains no allegations, and therefore does not require a response. To the extent that this paragraph contains any allegations, Tetra Tech denies them. Tetra Tech further denies that the proposed class is appropriate under Federal Rule of Civil Procedure 23.

11a. In response to Paragraph 11(a), Tetra Tech denies the allegations of Paragraph 11(a).

12. In response to Paragraph 12, Tetra Tech denies the allegations of Paragraph 12.

13. In response to Paragraph 13, Tetra Tech denies the allegations of Paragraph 13.

14. In response to Paragraph 14, Tetra Tech denies the allegations of Paragraph 14.

15. In response to Paragraph 15, Tetra Tech denies the allegations of Paragraph 15.

16. In response to Paragraph 16, Tetra Tech denies the allegations of Paragraph 16.

17. In response to Paragraph 17, Tetra Tech notes that this paragraph contains no allegations, and therefore does not require a response. To the extent that this paragraph contains an allegation, Tetra Tech denies that management of this litigation as a class proceeding will pose no difficulties.

**FACTUAL ALLEGATIONS**

18. In response to Paragraph 18, Tetra Tech admits that in October 2017 wildfires occurred in Northern California in Sonoma, Napa, Mendocino, and Lake Counties. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations therein and on that basis denies them.

19. In response to Paragraph 19, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations therein and on that basis denies them.

20. In response to Paragraph 20, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations therein and on that basis denies them.

21. In response to Paragraph 21, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and on that basis denies them.

22. In response to Paragraph 22, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. Tetra Tech admits that the sections copied in this paragraph are verbatim from the contract entered into between AshBritt and the United States Army Corps of Engineers. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations therein and on that basis denies them.

23. In response to Paragraph 23, Tetra Tech admits that it entered into a contract with AshBritt, although that contract was executed in November 2017 and not October 2017. The terms of that contract speak for itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations therein and on that basis denies them.

24. In response to Paragraph 24, Tetra Tech lacks sufficient knowledge or

1 information to admit or deny the remaining allegations therein and on that basis denies them.

25. In response to Paragraph 25, admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. Tetra Tech admits that the contract between AshBritt and the United States Army Corps of Engineers required the removal of 3 to 6 inches of soil from the surface of properties. Tetra Tech also admits that the contract required the sampling and analysis of the remaining soil, and that depending on certain test results the contract required re-sampling and the removal of additional small layers of soil. Tetra Tech denies any allegations in this paragraph to the extent they are intended to differ from the express terms of the contract. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations therein and on that basis denies them.

26. In response to Paragraph 26, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

27. In response to Paragraph 27, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant or unidentified property owner and denies them on that basis.

28. In response to Paragraph 28, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant or unidentified property owner and denies them on that basis.

29. In response to Paragraph 29, Tetra Tech denies the allegations.

30. In response to Paragraph 30, Tetra Tech admits that the California Office of Emergency Services sent a letter dated August 22, 2018 to the United States Army Corps of Engineers. The content of that letter speaks for itself. Tetra Tech admits that the letter contains the excerpted text. To the extent that Paragraph 30 contains allegations as to the content, purpose, and character of that letter, Tetra Tech denies the allegations as to itself, but lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

31. In response to Paragraph 31, Tetra Tech denies any allegations to the extent they

are purportedly applicable to Tetra Tech.  Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations otherwise and denies them on that basis.

32. In response to Paragraph 32, Tetra Tech admits that it had employees present at each location before work at each location was completed.  Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

33. In response to Paragraph 33, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

34. In response to Paragraph 34, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself.  However, Tetra Tech admits only that the contract included terms related to the removal of trees.  Otherwise, Tetra Tech denies the allegations of Paragraph 34 as to itself.  Tetra Tech lacks sufficient knowledge or information to admit or deny that allegation as to any other Defendant and denies them on that basis.

35. In response to Paragraph 35, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations and denies them on that basis.

36. In response to Paragraph 36, Tetra Tech denies the allegations to the extent they implicate any wrongdoing on the part of Tetra Tech.  Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and denies them on that basis.

37. In response to Paragraph 37, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

38. In response to Paragraph 38, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

39. In response to Paragraph 39, Tetra Tech denies any allegations that implicate the conduct of Tetra Tech.  Tetra Tech lacks sufficient knowledge or information to admit or deny

1 the remaining allegations and denies them on that basis.

2     40.    In response to Paragraph 40, Tetra Tech denies any allegations that implicate the conduct of Tetra Tech. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and denies them on that basis.

## CALIFORNIA STATE LAW CLAIMS

    41.    In response to Paragraph 41, Tetra Tech notes that this paragraph contains no allegations, and therefore does not require a response. However, Tetra Tech denies any allegations to the extent they are intended to implicate the conduct of Tetra Tech.

    42.    In response to Paragraph 42, Tetra Tech admits that it entered into a contract with AshBritt. The terms of the contract speak for itself. Tetra Tech denies the remaining allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

## FIRST CAUSE OF ACTION

## UNFAIR & UNLAWFUL BUSINESS PRACTICES

## (Bus. & Prof. Code §§ 17200, *et seq.*)

    43.    In response to Paragraph 43, Tetra Tech reincorporates its above responses by reference.

    44.    In response to Paragraph 44, Tetra Tech admits that the quoted text appears in the referenced statute. Tetra Tech denies the remaining allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny those allegations as to any other Defendant and denies them on that basis.

    45.    In response to Paragraph 45 (and subparagraphs a through c), Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

    46.    In response to Paragraph 46, Tetra Tech denies the allegation as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny that allegation as to any other Defendant and denies it on that basis.

    47.    In response to Paragraph 47, Tetra Tech lacks sufficient knowledge or

information to admit or deny the allegations and denies them on that basis.

48. In response to Paragraph 48, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

49. In response to Paragraph 49, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

50. In response to Paragraph 50, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

51. In response to Paragraph 51, Tetra Tech notes that this is a summary of Plaintiffs' legal argument, not an allegation, and therefore requires no response. To the extent that this paragraph contains allegations as to Defendants' conduct, Tetra Tech denies those allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny those allegations as to any other Defendant and denies them on that basis.

## SECOND CAUSE OF ACTION

## TRESPASS

52. In response to Paragraph 52, Tetra Tech reincorporates its above responses by reference.

53. In response to Paragraph 53, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations and denies them on that basis.

54. In response to Paragraph 54, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. However, Tetra Tech denies any allegations to the extent they are intended to implicate the conduct of Tetra Tech. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and denies them on that basis.

55. In response to Paragraph 55, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other

Defendant and denies them on that basis.

56. In response to Paragraph 56, Tetra Tech denies that it exceeded Plaintiffs' permission to enter their properties. Tetra Tech lacks sufficient knowledge or information to admit or deny this allegation as to any other Defendant and denies it on that basis.

57. In response to Paragraph 57, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

58. In response to Paragraph 58, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

**THIRD CAUSE OF ACTION**

**CONVERSION**

59. In response to Paragraph 59, Tetra Tech reincorporates its above responses by reference.

60. In response to Paragraph 60, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations and denies them on that basis.

61. In response to Paragraph 61, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

62. In response to Paragraph 62, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. However, Tetra Tech denies any allegations to the extent they are intended to implicate the conduct of Tetra Tech. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and denies them on that basis.

63. In response to Paragraph 63, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

64. In response to Paragraph 64, Tetra Tech denies the allegations as to itself. Tetra

Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

65. In response to Paragraph 65, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

66. In response to Paragraph 66, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

67. In response to Paragraph 67, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

**FOURTH CAUSE OF ACTION**

**TRESPASS TO CHATTELS**

68. In response to Paragraph 68, Tetra Tech reincorporates its above responses by reference.

69. In response to Paragraph 69, Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations and denies them on that basis.

70. In response to Paragraph 70, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

71. In response to Paragraph 71, Tetra Tech admits that AshBritt entered into a contract with the United States Army Corps of Engineers. The terms of that contract speak for itself. However, Tetra Tech denies any allegations to the extent they are intended to implicate the conduct of Tetra Tech. Tetra Tech lacks sufficient knowledge or information to admit or deny the remaining allegations and denies them on that basis.

72. In response to Paragraph 72, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

73. In response to Paragraph 73, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

74. In response to Paragraph 74, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

75. In response to Paragraph 75, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

76. In response to Paragraph 76, Tetra Tech denies the allegations as to itself. Tetra Tech lacks sufficient knowledge or information to admit or deny the allegations as to any other Defendant and denies them on that basis.

## PRAYER FOR RELIEF

77. The paragraphs in the section entitled "Prayer for Relief" are Plaintiffs' requests for relief, not allegations, and no response is therefore required.

## TETRA TECH'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Statute of Limitations

78. This action is barred by the applicable statutes of limitations. Applicable statute of limitations include, but are not limited to the statutes of limitations set forth in California Code of Civil Procedure §§ 335.1, 340, 338 and California Business and Professions Code § 17208.

### SECOND AFFIRMATIVE DEFENSE

### Laches

79. This action is barred by virtue of Plaintiff and the putative class members' unreasonable delay in commencing this action, which delay has caused prejudice to DEFENDANT, the claims and each purported cause of action alleged therein against DEFENDANT is barred by the doctrine of laches, in whole or in part.

///

## THIRD AFFIRMATIVE DEFENSE

### Waiver

80. As a result of the acts, conduct and omissions of Plaintiff and the putative class members, Plaintiffs and the putative class members have waived their right to assert each and every purported cause of action contained in the Complaint, in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

### Unclean Hands

81. This action is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### No Duty

82. As the Complaint and each cause of action therein, Tetra Tech owed no duty to Plaintiff or the putative class.

## SIXTH AFFIRMATIVE DEFENSE

### No Breach

83. As the Complaint and each cause of action therein, Tetra Tech did not breach any duty owed to Plaintiff or the Putative Class.

## SEVENTH AFFIRMATIVE DEFENSE

### No Causation

84. As to the Complaint, and each purported cause of action therein, and without admitting that Tetra Tech engaged in or is liable for any acts of conduct attributed to it in the Complaint, any damages and injuries purportedly sustained by Plaintiff and the putative class members are not the result of any act or omission on the part of Tetra Tech.

## EIGHTH AFFIRMATIVE DEFENSE

### Superseding Cause

85. Plaintiff and the putative class members are not entitled to the prayed-for relief against Tetra Tech because the harms for which Plaintiff and putative class members seek that relief resulted from the intervening and/or superseding acts of a third party.

///

## NINTH AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence

86. As to the Complaint, and each purported cause of action therein, the acts of Plaintiff and the putative class members were so careless, reckless and negligent as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained, and thus reduce any right to recovery by that amount which their negligence contributed to this incident.

## TENTH AFFIRMATIVE DEFENSE

### No Damages

87. Plaintiff and the putative class members are not entitled to the prayed-for relief against Tetra Tech because the harms for which Plaintiff and the putative class members seek that relief resulted in no harm.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Falsity

88. This action is barred in full or in part because Tetra Tech made no false representations and or misrepresentations to Plaintiff and the putative class members, Defendants, entities or third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### No Intent

89. This action is barred in full or in part because Tetra Tech lacked the requisite intent to prove any causes of action with such element.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Good Faith and Reasonable Care

90. This action is barred in full or in part because Tetra Tech exercised good faith and reasonable care as to the matters alleged in the Complaint, and had no knowledge of any wrongdoing in connection with Plaintiff and the putative class members.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

91. Plaintiff and the putative class have failed to state a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Negligence of Others

92. The injuries and damages for which Plaintiff and the putative class members seek recovery were directly and proximately caused or contributed to by the acts, omissions or negligence of other parties, persons, and entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Estoppel

93. Plaintiff and the putative class members are estopped from recovering any relief against Tetra Tech on the basis of their allegations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Assumption of the Risk

94. Plaintiff and the putative class members assumed the risk of the loss described by their allegations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

95. Plaintiff and the putative class failed to mitigate any damages and any recovery should be reduced or eliminated.

## NINETEENTH AFFIRMATIVE DEFENSE

### No Standing

96. Plaintiff and the putative class have no standing to bring this action under Article III of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### Consent or Ratification

97. The Complaint and each and every cause of action therein are barred by

Plaintiff's and the putative class members' and/or other parties' consent and ratification of acts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Collateral Estoppel or Res Judicata

98. The Complaint and each and every cause of action therein are barred by the doctrines of collateral estoppel or res judicata.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Lawful Entry

99. Tetra Tech was not responsible for any harm because any entry on to the properties of Plaintiff or the putative class, if any by Tetra Tech, was lawful because it was necessary, or reasonably appeared necessary, to enter those properties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Justified Entry

100. Tetra Tech was not responsible for any harm because entry onto the properties of Plaintiff or the putative class members, if any by Tetra Tech, was justified and privileged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### No Trespass

101. Any entry onto the properties of Plaintiff or the putative class was not trespass because it was done to abate a public nuisance such that it did not amount to trespass.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Consent to Entry

102. Plaintiff and the putative class members cannot recover any damages from any alleged entry to real property by Tetra Tech because Plaintiff and the putative class members consented to such entry.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Release

103. The Complaint and each cause of action therein are barred by the doctrine of release.

///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Speculative Damages

104. Any purported injuries for which Plaintiff and the putative class members seek recovery as alleged in the Complaint, are completely speculative in nature, such that they cannot recover damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Abandonment

105. Any property which the Plaintiff and the putative class members claim was converted by Tetra Tech, if any there was, was abandoned by Plaintiff and the putative class members.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### Lack of Monetary Value

106. There cannot be any recovery for any property which the Plaintiff and the putative class members claim was converted because that property lacked any monetary value

## THIRTIETH AFFIRMATIVE DEFENSE

### Preemption

107. The Complaint and each cause of action therein are barred because Federal Law preempts recovery.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### Set-Off

108. The claims of Plaintiff and the putative class members are reduced or eliminated by the doctrine of set-off.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### Indemnification

109. If there is any liability existed on the part of Tetra Tech, any such liability is to be indemnified in part or in whole by other defendants or third parties.

///

///

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### No Unlawful, Fraudulent Business Practices

110. Tetra Tech did not conduct, benefit from or engage in any unfair, unlawful, deceptive or fraudulent business acts and practices; nor did this Tetra Tech engage in unfair competition or business practices for any purpose within in the meaning of California Business and Professions Code section 17200 *et seq.*

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Class Action Cannot Be Maintained

111. Tetra Tech alleges that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) the named Plaintiff is not an adequate representative for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and the class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is not ascertainable, nor are its members identifiable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Opposition to Class

112. Tetra Tech opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Tetra Tech's objections; then Tetra Tech assets the affirmative defenses set forth herein against each and every member of the certified class.

///

///

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### No Attorneys' Fees

113. Tetra Tech objects to Plaintiff's attempt to recover attorneys' fees because there is no such basis under contract, statute, or law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### No Civil or Statutory Penalties

114. Tetra Tech objects to Plaintiff's attempt to recover civil or statutory penalties because none of Plaintiff's claims permits such recovery.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Derivative Immunity

115. This action is barred by the doctrine of derivative sovereign immunity. *See Yearsley v. W.A. Ross Construction*, 309 U.S. 18 (1940); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); *Myers v. United States*, 323 F.2d 580 (9th Cir. 1963); *Perkins v. United States*, 1:07cv1185 LG-RHW, 2009 U.S. Dist. LEXIS 75688 (S.D. Miss. Aug. 21, 2009).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### Benefit Outweighs Impact

116. The cause of action for unfair business practices should be barred because the benefits of the alleged unfair business practices outweigh the particular harm or impact it caused or may cause to an alleged victim, thus the business practice, if any, was or is not unfair under California Business & Professions Code section 1700 *et seq.*

## FORTIETH AFFIRMATIVE DEFENSE

### No Unjust Enrichment

117. Plaintiff and the putative class members have not suffered losses as set forth in the Complaint, and Tetra Tech has not been unjustly enriched as a result of any action or inaction by this Tetra Tech or its agents. Plaintiff and the putative class members are therefore not entitled to any disgorgement or restitution.

*///*

*///*

## FORTY-FIRST AFFIRMATIVE DEFENSE
### Conduct not Contrary to Public Welfare

118. Tetra Tech did not conduct, act or operate in any manner contrary to the public welfare or important rights of public interest. Any conduct, actions or operations undertaken by Tetra Tech, if any there were, were not immoral, unethical, oppressive or unscrupulous; and therefore, any conduct, actions or operations, if any, did not result in harm to the public

## FORTH-SECOND AFFIRMATIVE DEFENSE
### No Relief under CCP 1021.5

119. Tetra Tech alleges that any and all requests sought by Plaintiff and the putative class members for restitution, disgorgement and all other relief is barred under California Code of Civil Procedure section 1021.5, in that no conduct, action or operation violated the public welfare or important rights affecting the public interest.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### Conspiracy

120. Tetra Tech did not conspire to commit, engage in any scheme or agreement, nor planned with any Defendants, persons, entities or third parties with the intent to engage or cooperate in a wrongful act that resulted in harm to Plaintiff and the putative class members.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### Constitutional Violation

121. Tetra Tech alleges that the adjudication of the claims by Plaintiff and the putative class members through generalized class wide proof may violate Tetra Tech's right to trial by jury guaranteed by and under the United States Constitutions.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### No Injunctive Relief

122. Tetra Tech alleges that the purported allegations and causes of actions contained in the Complaint fail to properly state a claim for injunctive relief.

///

///

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### Adequate Remedy at Law

123. Tetra Tech alleges that Plaintiff and the putative class members had an adequate remedy at law, thus any relief, including but not limited to injunctive relief is inappropriate.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### Additional Defense

124. Tetra Tech presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated affirmative defenses. Tetra Tech reserves the right to file an amended answer asserting additional affirmative defenses in the event that investigation or discovery indicates that it is appropriate.

Date: April 17, 2020

NOSSAMAN LLP
JAMES H. VORHIS
DAVID C. LEE
JILL N. JAFFE
ALEXANDER WESTERFIELD

By: /s/ James H. Vorhis
James H. Vorhis

Attorneys for Defendant TETRA TECH, INC.